IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AARON JOHN LENNON §<br>and JESSICA NICOLE KIDD, §<br>   *Plaintiffs*, §<br>§<br>V. §<br>§<br>NATIONWIDE MUTUAL §<br>INSURANCE COMPANY, §<br>   *Defendant*, § | CIVIL ACTION NO. 4:23-cv-01066-P<br>(JURY) |

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT
---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Aaron John Lennon & Jessica Nicole Kidd, ("Plaintiffs"), and file **Plaintiffs' First Amended Complaint**, complaining of Nationwide Mutual Insurance Company ("Nationwide") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiffs, Aaron John Lennon & Jessica Nicole Kidd, reside in Tarrant County, Texas.

2. Defendant, Nationwide Mutual Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Defendant is properly before this Court.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and

costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## NOTICE AND CONDITIONS PRECEDENT

6. Plaintiffs have provided Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided more than sixty days prior to the original action filed.

7. All conditions precedent necessary to maintain a claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiffs owned a Nationwide insurance policy, number 7842HR217214 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 308 Vera Drive, Burleson, Texas 76028 ("the Property").

10. Nationwide Mutual Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs. Nationwide Mutual Insurance Company represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Coverage

      for all perils began June 10, 2022 and ended June 10, 2023 ("Policy Period"). Nationwide has refused the full extent of that coverage currently owed to Plaintiffs.

11. The Property sustained extensive damage resulting from a severe storm that passed through the Tarrant County, Texas area during the Policy Period.

12. In the aftermath of the storm, Plaintiffs submitted a Claim to Nationwide Mutual Insurance Company against the Policy for damage to the Property. Nationwide assigned claim number 061104-GO to Plaintiffs' claim (the "Claim"). The claim was assigned a date of loss of December 13, 2022.

13. Plaintiffs asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

14. Nationwide Mutual Insurance Company hired or assigned its agent, Payton Hamilton ("Hamilton"), to inspect and adjust the claim. Hamilton conducted or arranged for an inspection of the Property on or about December 21, 2022. Hamilton did not investigate the weather at or near Plaintiffs' property. Hamilton pulled no storm reports, no wind reports and no hail reports. Hamilton failed to provide any findings, conclusions, or determinations related to weather to Plaintiffs.

15. After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Hamilton represented to Plaintiffs, in a denial letter dated February 27, 2023, that the damage to the Property was excluded from coverage due to it occurring "prior to the start of the policy date".

16. After Hamilton and Nationwide's denial, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

17. Nationwide, through its agent, Hamilton, conducted a substandard and improper inspection of the Property, which misrepresented the cause and date of loss in order to exclude coverage afforded to Plaintiffs under their Policy.

18. Nationwide and Hamilton have ultimately refused full coverage which includes, but is not limited to, replacement of the laminated composite shingle roofing system and additional exterior damage. Specifically, the third-party inspector hired to review the damage to the Property found additional damage that was not addressed by Hamilton's denial.

19. The damage to Plaintiffs' Property is currently estimated at $27,430.43.

20. Hamilton had a vested interest in undervaluing the claims assigned to him by Nationwide in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector hired by Plaintiff, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Hamilton.

21. Furthermore, Hamilton was aware of Plaintiffs' $2,500 deductible prior to inspecting the Property.  Hamilton had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

22. Hamilton misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Hamilton made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

23. After reviewing Plaintiffs' Policy, Hamilton misrepresented that the damage was caused prior to the Policy's inception date. Hamilton used his expertise to fabricate plausible

explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

24. As stated above, Nationwide and Hamilton improperly and unreasonably adjusted Plaintiffs' Claim. Without limitation, Nationwide and Hamilton misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

25. Nationwide and Hamilton made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide and Hamilton made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Hamilton.

26. Plaintiffs relied on Nationwide and Hamilton's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

27. Upon receipt of the inspection and estimate reports from Hamilton, Nationwide failed to assess the Claim thoroughly. Based upon Hamilton's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

28. Because Nationwide and Hamilton failed to provide coverage for Plaintiffs' insurance Claim, Plaintiffs have been unable to complete any substantive repairs to the Property.

This has caused additional damage to Plaintiffs' Property.

29. Furthermore, Nationwide and Hamilton failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Hamilton performed an unreasonable and substandard inspection that allowed Nationwide to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

30. Nationwide and Hamilton's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

31. Nationwide and Hamilton's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nationwide and Hamilton have failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Nationwide and Hamilton have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

32. Nationwide and Hamilton's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide and Hamilton failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

33. Additionally, after Nationwide received statutory demand on or about June 22, 2023, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

34. Nationwide and Hamilton's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Hamilton performed a biased and intentionally substandard inspection designed to allow Nationwide to refuse to provide full coverage to Plaintiffs under the Policy.

35. Specifically, Nationwide and Hamilton performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

36. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Hamilton's subpar inspection, Nationwide failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

37. Nationwide and Hamilton's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Hamilton's intentional undervaluation of Plaintiffs' Claims, Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Hamilton's understatement of the damage to the Property caused Nationwide to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

38. Nationwide and Hamilton's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY

39. All paragraphs from the fact section of this complaint are hereby incorporated into this section.

## BREACH OF CONTRACT

40. Nationwide is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiffs.

41. Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42. All allegations above are incorporated herein.

43. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

44. Nationwide's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

45. Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

46. Nationwide's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

47. Nationwide's unfair settlement practice of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

48. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49. Nationwide's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

51. Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, even though Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

52. Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Nationwide pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations

        include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Nationwide represented to Plaintiffs that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Nationwide represented to Plaintiffs that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Nationwide's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

53. Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiffs' damages. All of Nationwide's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

54. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

55. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

56. Since the Claim was made, Nationwide has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the laws set forth above.

57. Plaintiffs currently estimate that actual damages to the Property under the Policy are $27,430.43.

58. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

59. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

60. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

61. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

62. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

63. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the United States Court of Appeals and/or the Supreme Court.

## JURY DEMAND

65. Plaintiffs hereby request a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiffs pray that upon trial hereof, Aaron John Lennon & Jessica Nicole Kidd, recovers from Defendant, Nationwide Mutual Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

          Respectfully submitted,

          By: /s/ *Amanda J. Fulton*

          Chad T. Wilson
          Bar No. 24079587
          Amanda J. Fulton
          Bar No. 24077283
          CHAD T. WILSON LAW FIRM PLLC
          455 E Medical Center Blvd, Ste 555
          Webster, Texas 77598
          Telephone: (832) 415-1432
          Fax: (281) 940-2137
          eservice@cwilsonlaw.com
          afulton@cwilsonlaw.com

          Joseph Milensky
          Bar No. 24118231
          CHAD T. WILSON LAW FIRM PLLC
          6044 E. Lovers Lane, 2103
          Dallas, Texas 75306
          Telephone: (832) 415-1432
          jmilensky@cwilsonlaw.com

          ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF FILING AND SERVICE

      I hereby certify that on November 14, 2023, I electronically transmitted this document to the Clerk of Court using the CM/ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defendant(s) counsel of record.

Patrick M. Kemp
pkemp@smsm.com
Robert G. Wall
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave. Ste 800
Austin, Texas 78701
Telephone: (512) 476-7834
Fax: (512) 476-7832

ATTORNEYS FOR DEFENDANT

                                                                /s/ *Amanda J. Fulton*